

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

212.416.8965
Monica.Connell@ag.ny.gov

**BY ECF**

August 31, 2020

Hon. Mae A. D'Agostino
United States District Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

Re:  *NRA v. James*, NDNY Case No. 20-cv-889 (MAD/TWD)

Dear Judge D'Agostino:

The Office of the Attorney General ("OAG") represents Letitia James, Attorney General of the State of New York ("the Attorney General") in the above-referenced action. Pursuant to 2(A) of the Court's Individual Rules and Practices, the OAG seeks leave to move to dismiss this action in its entirety and requests a stay of discovery pending resolution of this motion.

The National Rifle Association ("NRA") is a not-for-profit entity chartered in New York, and as such is subject to the regulatory oversight of the OAG's Charities Bureau. Compl. ¶¶ 1, 22. The NRA filed the instant action hours after the Attorney General filed a 163-page complaint against the NRA and four of its current and former leaders containing detailed allegations of, *inter alia*, systemic self-dealing, misuse of charitable assets, and false filings (the "Charities Bureau Action").[1] The NRA claims that the Attorney General's investigation, which began over a year and a half ago and ended with the commencement of the Charities Bureau Action, was an

---

[1] *People of the State of New York by Letitia James, Attorney General of the State of New York v. The National Rifle Association of America, Inc., et al.*, Supreme Court N.Y. Co. Index No. 451625/2020. The OAG intends to ask the Court to take judicial notice of the Charities Bureau Action. *See Faulkner v. Verizon Comm., Inc.*, 156 F.Supp.2d 384, 391 (S.D.N.Y.2001).

act of First Amendment retaliation. But abuse of charitable assets and improper administration of charitable organization is not protected by the First Amendment. Nor can the NRA effectively immunize itself and avoid liability with baseless allegations of bias. Respectfully, for the reasons set forth below and others, the NRA's complaint should be dismissed.

## Grounds for Dismissal of the Complaint

*First*, the Eleventh Amendment bars the NRA's claims for damages and retroactive injunctive relief against the Attorney General in her official capacity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984) (barring state law claims). In challenging the investigation, the NRA seeks relief that is retroactive and is thus not subject to the *Ex parte Young* exception to Eleventh Amendment immunity. *See Baba v. Japan Travel Bur. Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir.1997).

*Second*, the NRA's action is barred by claim and issue preclusion. During the course of the OAG investigation, the NRA commenced a state court proceeding relating to a third-party subpoena. *NRA v. James*, Sup. Court, N.Y. Co. Index No. 158019/2019 ("North Matter"). In that matter, the NRA argued that the OAG's investigation and subpoenas issued thereunder were in retaliation for the NRA's speech. *See* North Matter, Dkt # 43, pp. 4-5. The court rejected the NRA's arguments. Dkt. # 56. As a result, the NRA is barred from litigating the matter again here. *See, e.g., Miller v. City of New York*, 2019 WL 2164100, at *2-3 (E.D.N.Y. May 10, 2019).

*Third*, the NRA's first cause of action, a First Amendment retaliation claim challenging the OAG's investigation is subject to dismissal on a number of grounds. As an initial matter, "the First Amendment does not shield fraud," *Illinois ex rel. Madigan v. Telemarketing Assocs.*, 538 U.S. 600, 612 (2003), and states have an important interest in anti-fraud and charities law enforcement. *Citizens United v. Schneiderman*, 882 F.3d 374, 385 (2d Cir. 2018). Further, the

NRA cannot plausibly allege but-for causation, as it must. *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019) ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a 'but-for' cause, meaning that that the adverse action against the plaintiff would not have been taken absent the retaliatory motive."). On the face of its own pleading, and, independently, on the basis of facts of which the Court can take judicial notice, the NRA cannot plausibly allege that there was no legitimate basis for the investigation into its violations of not-for-profit law. Nor has the NRA alleged an actionable injury of chilled speech or other concrete harm caused by the investigation, as it must. *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013).

*Fourth*, the NRA's second cause of action is subject to dismissal as it merely asserts a claim under the Declaratory Judgment Act, which is a procedural mechanism that does not create an independent claim. *Merola v. Cuomo*, 2019 WL 4857462, at *1 n.2 (N.D.N.Y. Oct. 2, 2019).

*Fifth*, even if the NRA could state a claim under 42 U.S.C. § 1983 against the Attorney General in her individual capacity, such claim would be barred by her absolute immunity that attains to decisions to prosecute, and by qualified immunity. *See Spear v. Town of West Hartford*, 954 F.2d 63, 66 (1992); *Butz v. Economou*, 438 U.S. 478, 515 (1978); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Further, the injunctive relief the NRA seeks is not available against the Attorney General in her individual capacity. *Corr. Officers Benevolent Ass'n v. Kralik*, 2009 WL 856395, at *8 n.7 (S.D.N.Y. Mar. 26, 2009).

*Finally*, given the pending Charities Bureau Action addressing the NRA's alleged violations of New York's statutory scheme for the oversight of not-for-profit entities, it is respectfully submitted that abstention is appropriate here. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Younger v. Harris*, 401 U.S. 37 (1971).

### Request for Relief

In light of the foregoing, the Attorney General seeks leave to move to dismiss and asks for a stay of discovery pending resolution of her motion pursuant to FRCP 26(c)(1). *See, e.g., Dabney v. Maddock*, 2011 WL 7479164, at *11 (N.D.N.Y. Nov. 29, 2011).

Respectfully,

**s/ Monica Connell**
Monica Connell
Assistant Attorney General
Phone: (212) 416-8965
Fax: (212) 416-6009
E-mail: Monica.Connell@ag.ny.gov
*Admission to N.D.N.Y. pending*

Yael Fuchs
Assistant Attorney General
Phone: (212) 416-8391
E-mail: Yael.Fuchs@ag.ny.gov
*Motion for admission* pro hac vice *forthcoming*

Stephen C. Thompson
Assistant Attorney General
Phone: (212) 416-6183
E-mail: Stephen.Thompson@ag.ny.gov

cc:   Counsel of record (by ECF)