

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CHARITIES BUREAU

212.416.8965
Monica.Connell@ag.ny.gov

**BY ECF**  February 4, 2021

Hon. Mae A. D'Agostino
United States District Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

**Re:** *NRA v. James*, NDNY Case No. 20-cv-889

Dear Judge D'Agostino:

The Office of the Attorney General ("OAG") represents Letitia James, Attorney General of the State of New York, defendant in the above-referenced action. We write to notify the Court of relevant developments, including a decision, in the related state court enforcement action *People of the State of New York by Letitia James v. National Rifle Association of America, Inc., et al.*, New York State Supreme Court, New York County, Index No. 451625/2020 ("State Enforcement Action"). In addition, we write to notify the Court of developments in other proceedings commenced by plaintiff National Rifle Association of America, Inc. ("NRA") which may be relevant herein.

On January 21, 2021, the Hon. Joel M. Cohen issued an order and decision, read into the record, denying various motions to dismiss brought by the NRA and other defendants in the State Enforcement Action. A copy of Justice Cohen's order, and the transcript of the January 21, 2021

argument ("Tr."), are attached hereto. We are providing these to the Court because they address issues raised by the NRA in opposition to the Attorney General's motion to dismiss this action.

Specifically, Justice Cohen rejected the NRA's argument that this federal action was "first filed" and was commenced before the State Enforcement Action. *See* Tr. 76-78; NRA memorandum of law in support of motion to dismiss the State Enforcement Action, Dkt. 99 ("NRA Mem.") at 15-16. Justice Cohen additionally rejected the NRA's arguments that the State Enforcement Action should be transferred to federal court because the federal court is the more convenient forum and federal courts are the "best place" and "better suited" for litigating both the Attorney General's state law claims and the NRA's constitutional counterclaims. *See* NRA reply memorandum of law, State Enforcement Action Dkt. # 193, 3-4. Justice Cohen held, *inter alia*, that state and federal courts are "all part of a federal system and the state courts have their role to play, particularly when enforcing state law. And to the extent that any constitutional arguments need to be raised or will be raised here, you know, that's something that this Court and others do on a regular basis and there's no, you know, legal requirement that that be done in federal court." Tr. 79-80.

In light of Justice Cohen's decision and order, the parties in the State Enforcement Action have begun meeting and conferring on an overall discovery schedule, the answers of those defendants who have not already answered are due on February 22, 2021 and Justice Cohen scheduled a preliminary conference for March 9, 2021. Discovery has begun in the case.

In addition, as the Court is aware, on October 20, 2020, the NRA filed an application before the Judicial Panel on Multidistrict Litigation ("JPML"), to transfer and consolidate this and three other cases in the United States District Court for the Northern District of Texas. The

Attorney General and other parties opposed the application, which was argued on January 28, 2021. We await a decision. The NRA did not include the State Enforcement Action on the schedule of actions it sought to transfer and consolidate in its JPML application. *See In Re National Rifle Association Business Expenditures Litigation*, JPML Case No. 2979, Dkt. 5-1 (Amended Schedule of Cases). We are happy to provide the Court with the transcript of the JPML argument or any of the underlying filings upon request.

Finally, on January 15, 2021, the NRA filed for bankruptcy in the Northern District of Texas. *See In Re National Rifle Association of America and Sea Girt LLC*, Jointly Administered, Case No. 21-30085-hdh11. On that same day, Justice Cohen directed the parties in the State Enforcement Action to state their positions as to whether and to what extent the bankruptcy filing should affect the state court's consideration of the then-pending motions to dismiss. The NRA did not assert that bankruptcy filing stayed the State Enforcement Action. The Attorney General argued that the bankruptcy filing did not stay the State Enforcement Action. *See* State Enforcement Action, Dkt. Nos. 196, 205, 209. Justice Cohen agreed and proceeded to consider and deny the defendants' motions to dismiss. Tr. 5-6. As noted, above, discovery has begun in the State Enforcement Action.

Thank you for your attention to these matters. Please do not hesitate to contact me should you have any questions.

Respectfully,

*/s Monica Connell*
Monica Connell
Assistant Attorney General

cc:     All Counsel (*via ECF*)